No. 02-728

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 228N

DALE WAGSTAFF,

        Petitioner and Appellant,

    v.

MONTANA DEPARTMENT OF JUSTICE,
MOTOR VEHICLE DIVISION,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2002-0238,
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Terry L. Seiffert, Attorney at Law, Billings, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Brenda Nordlund,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  July 30, 2003

Decided:  August 24, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Dale Wagstaff (Wagstaff) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, dismissing his petition for issuance of a probationary commercial driver's license. We affirm.

¶3 The following issue is presented on appeal:

¶4 Did the District Court err by denying Wagstaff's petition for issuance of a probationary commercial driver's license?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On July 10, 2001, Wagstaff, a semi-truck owner and operator, was cited for driving a private, non-commercial vehicle under the influence (DUI) in violation of § 61-8-401, MCA. On December 4, 2001, Wagstaff plead guilty in Billings Municipal Court to the offense of DUI.

¶6 On March 13, 2002, the day before his sentencing date, Wagstaff filed a petition in District Court requesting that the Division of Motor Vehicles (Division) be required to show cause why he should not receive a probationary commercial driver's license during the period of his license suspension. Wagstaff based his challenge on a "retroactivity theory"

2

which asserted that prohibiting him from receiving a probationary license pursuant to the 2001 amendment to § 61-8-811, MCA, a commercial driver's license suspension provision, constituted an improper retroactive application of that statute by the Division. On March 14, 2002, Wagstaff was sentenced, and, on the same date, the District Court issued an order which entitled Wagstaff to a commercial license pending a hearing, and stayed Wagstaff's suspension action.

¶7 On July 9, 2002, the parties stipulated to the following facts: (1) on April 2, 2002, the Division received notice from the Billings Municipal Court of the March 14, 2002, DUI conviction (first offense), along with a Court Order Referral Form requiring Wagstaff to enroll, attend, and complete the "ACT" program for alcohol and chemical dependency treatment; and (2) on April 4, 2002, the Division sent Wagstaff a letter which (a) notified him of its receipt of the DUI conviction and the suspension of his driver's license and driving privileges from March 14, 2002, through September 13, 2002, pursuant to § 61-5-205, MCA, and § 61-5-208, MCA; and (b) advised Wagstaff that he would be eligible for a probationary license if Wagstaff submitted a $100.00 reinstatement fee and surrendered all driver's licenses and permits to the Division. We note here our uncertainty about the significance of the stipulated fact regarding Wagstaff's eligibility for a probationary license upon payment of a $100.00 reinstatement fee. Neither party incorporates this fact into its argument or otherwise explains its relevance to the issues on appeal.

¶8 In its response to Wagstaff's petition, the Division countered that § 61-2-302, MCA, the statute governing the probationary license program, not § 61-8-811, MCA, as Wagstaff

3

had asserted, controlled as to whether Wagstaff was entitled to receive a probationary license during his driver's license suspension period. The Division asserted that retroactive application of the 2001 amendments to § 61-2-302, MCA, would properly deny Wagstaff a probationary license.

¶9 On October 4, 2002, after submission of briefing by both parties, the District Court denied Wagstaff's petition on grounds Wagstaff had not requested a probationary driver's license pursuant to § 61-2-302, MCA (1999). Wagstaff appeals.

## STANDARD OF REVIEW

¶10 We review a district court's findings of fact on the denial of a motion for an order directing the Motor Vehicle Division to issue a probationary commercial driver's license to determine whether those findings are clearly erroneous. *Kleinsasser v. State,* 2002 MT 36, ¶ 9, 42 P.3d 801, ¶ 9, 308 Mont. 325, ¶ 9. We then review the court's conclusions to determine whether they are correct. *Kleinsasser*, ¶ 9.

## DISCUSSION

¶11 Wagstaff asserts that he has been prevented from obtaining a probationary driver's license because the Division made an improper retroactive application of the 2001 amendments to § 61-8-811, MCA (1999), and § 61-2-302, MCA (1999), to his request for a probationary license. Section 61-8-811, MCA (1999), the first statute implicated by Wagstaff, delineates the length of time the Division shall suspend a commercial driver's license upon notice of conviction, and precludes issuance of a probationary license:

> **61-8-811. Suspension of commercial driver's license - duration - second or subsequent offense.** Upon receiving notice pursuant to 61-5-208,

4

61-8-809, or 61-8-810, the [Division] shall suspend an operator's commercial driver's license, as follows:

       (1) upon notice of a first conviction, for 1 year, with no provision for a probationary license, except that if the offense occurred while operating a commercial motor vehicle transporting hazardous material, the suspension must be for 3 years; . . .

No substantive change relevant to Wagstaff's argument was made to § 61-8-811, MCA, by the 2001 version of the Montana Code Annotated. Neither the 1999 nor the 2001 version of § 61-8-811, MCA, applies to Wagstaff's claim for a number of reasons. The most obvious is that statute suspends licenses for traffic violations involving a commercial vehicle. Wagstaff's DUI was committed in a non-commercial vehicle. Thus, Wagstaff's suspension did not occur pursuant to this provision, but rather pursuant to § 61-5-205(2), MCA, and § 61-5-208(2)(b), MCA. Therefore, his argument regarding improper retroactive application of § 61-8-811, MCA, is completely irrelevant.

¶12    Section 61-2-302, MCA (1999), the next statute implicated by Wagstaff, permits issuance of a restricted probationary license to any person who enrolls and participates in the driver improvement program. Subpart (9) of § 61-2-302, MCA (1999), provides:

       (9) The [Division] may issue a restricted probationary license to any person who enrolls and participates in the driver rehabilitation and improvement program. . . .

Although the 1999 version of this statute permits issuance of a restricted probationary license under the condition listed in subpart (9), the 2001 amendments to this statute added subpart (10)(b) which explicitly prohibits the issuance of a probationary license that would permit operation of a commercial vehicle to someone whose license had been suspended. Subpart (10)(b) of § 61-2-302, MCA (2001), provides:

5

**61-2-302. Establishment of driver rehabilitation and improvement program - [Division] to contract with private entities - participation by offending drivers.**

. . .

(10) (b) The [Division] may not issue a restricted probationary license that would permit an individual to drive a commercial motor vehicle during a period in which: . . .

(ii) the individual's driver's license or driving privilege is revoked, suspended, or canceled. . . .

¶13 Wagstaff argues that the addition of the prohibition contained in subpart (10)(b), and its retroactive application to his DUI offense, give rise to his claim. The Compiler's Comments to § 61-2-302, MCA (2001), state: "[This act] applies to driver's licenses issued or renewed and to offenses committed after September 30, 2001." *See* "Applicability" section to Compiler's Comments, § 61-2-302, MCA (2001). Wagstaff argues that the 2001 amendments do not apply to him because his offense occurred on July 10, 2001, and his license originally had been issued before that. Wagstaff argues that retrospective application of § 61-2-302, MCA (2001), to his offense would be in contravention of the Montana Constitution's proscription against retrospective laws.

¶14 The Division argues that subjecting Wagstaff to the probationary license restrictions imposed by the 2001 amendments to § 61-2-302, MCA, would not constitute an impermissible retroactive application of that statute. The Division argues that whatever right Wagstaff had in his commercial driver's license as of July 10, 2001, that right was not absolute, and it was properly subject to suspension upon the Division's receipt of notice of his DUI conviction. According to the Division, once Wagstaff's license was suspended, he

6

had no vested right to a probationary driver's license, with or without commercial motor vehicle driving privileges.

¶15    In its order denying Wagstaff's petition, the District Court agreed with the Division that application of the 2001 amendment to § 61-2-302, MCA (1999), did not have an impermissibly retroactive effect which had culminated in an improper denial of a probationary driver's license to Wagstaff.  However, we conclude that it is not necessary to reach the retroactivity issue.  While we agree with Wagstaff that the driver rehabilitation and improvement program as set forth in § 61-2-302, MCA (1999),  was open to drivers who, like Wagstaff, had been referred to the program, and that a probationary license would have been available under this statute to Wagstaff and others who met the criteria contained therein, we find dispositive the District Court's finding that Wagstaff did not request a license pursuant to these provisions, which the record supports.  We therefore conclude that Wagstaff may not contest the retroactivity of the 2001 amendments since he did not first establish that he applied for, and was denied, a probationary license under the 1999 version of § 61-2-302, MCA.

¶16    Affirmed.


/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM REGNIER